IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Tamara Gordon, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION No. 18-cv-3332 |
| | § | |
| Texas Children's Hospital | § | |
| | § | |
| Defendant. | § | (JURY TRIAL DEMANDED) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff Tamara Gordon ("Ms. Gordon" or "Plaintiff") filing this her Original Complaint complaining of Defendant, Texas Children's Hospital ("Texas Children's" or "Defendant"), and in support thereof would show as follows:

### I.    JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to 28 U.S.C. §1331; the Equal Pay Act, 29 U.S.C. §206 ("EPA") and 42 U.S.C. §1981 ("Section 1981").

2. At all times relevant to the facts stated herein, Plaintiff resided in Fort Bend County, Texas and met the definition of an employee within the meaning of the applicable statutes under which she sues.

3. Defendant may be served with this Original Complaint by and through its registered agent: Mark A. Wallace, 6621 Fannin, Houston, TX 77030.

4. At all times relevant to the facts set forth in this Original Complaint, Defendant engaged in an industry affecting commerce and employed more than fifteen (15) regular employees.

1

5. Defendant resides within the Southern District of Texas, Houston Division. Venue is appropriate in this Court.

## II. FACTUAL BACKGROUND

6. On or about August 24, 2015, Texas Children's Hospital hired Plaintiff to work as an analyst in its compensation group within its human resources department. Plaintiff routinely evaluated Defendant's compensation decisions as a primary responsibility of her job. Her job required her to compare the experience and education of employees and employee-candidates and to recommend salaries in line with each individual's background.

7. Although compensation decisions were supposed to be primarily based upon an individual's years of relevant experience, internal equity in the hospital based on employees in similar job codes and job titles, as well as education., While performing her job, Plaintiff noted that black, female employees having comparable experience, education, and internal equity similar to their white counterparts were routinely grossly underpaid in comparison.

8. In fact, Plaintiff learned that she was grossly underpaid in comparison to her white, male counterpart (J. Piper) who also held a compensation analyst position performing the same exact work as her and had the same duties and responsibilities as her but had <u>less</u> education and experience as her.

9. Plaintiff also learned that another black female within Defendant's compensation department who also worked as an analyst and had more relevant HR experience than J. Piper was paid less than J. Piper.

10. So while Plaintiff and black, female analyst #2 each had over 15 years of experience when first hired in 2015 and 2014 respectively, Plaintiff and black, female analyst #2 were each paid between $90-100K to start, yet Defendant paid their white, male counterpart with approximately 4.5 years of experience $100K to start in 2015.

11. Additionally, when hired, Plaintiff had already completed a Master's degree in Human Resources/management. Her white, male counterpart J. Piper only held his Bachelor degree when hired. Yet, according to Defendant's job description for the analyst job for which Plaintiff and J. Piper both applied and held, a Bachelor's degree was required but a Master's degree was preferred.

12. Plaintiff initially brought up the inequality in her pay (based on her experience) to management in 2015 but did not receive a response until 2016 and was then told that Texas Children's did not do equity adjustments for employees in its HR department. Shortly after that excuse was delivered to Plaintiff, however, management adjusted and increased the salary of a white male employee in the HR department.

13. In 2017, Joshua O'Brien (Asst. Director-HR) asked Plaintiff if she would consider moving into his group which primarily analyzed physicians' compensation. O'Brien specifically told Plaintiff that he wanted her to join his group because Plaintiff was "the most senior employee in the compensation department" and she brought a strategic vision to the team. O'Brien further explained that Jake (who was already in his group and working on the project O'Brien had in mind) was more junior to Plaintiff and that the project that he needed her to work on required a more seasoned compensation employee (like Plaintiff).

14. While Plaintiff was interested in the move, Plaintiff told O'Brien about the inequity of her pay and the interactions she had with management in 2015-16 regarding her pay, and Plaintiff requested a pay increase from O'Brien. O'Brien agreed that Plaintiff was deserving and promised to discuss Plaintiff's request with VP Katherine Codistoti.

15. Ultimately O'Brien told Plaintiff that there was not enough money to adjust her salary in line with her experience.

16. In October 2017, Plaintiff made a presentation on the Ledbetter laws to Defendant's HR-compensation team and during a debrief which included Amber Owens (Director-HR), Kathleen Green (Manager- HR), Lynn Edwards (Manager-HR) and Joshua O'Brien (Asst. Director-HR) wherein Plaintiff bluntly expressed her concern that Texas Children's salary decisions demonstrated inequities in pay. In response to Plaintiff's presentation and concerns, Josh O'Brien stated that management was aware of the inequities with relation to pay but that "Texas Children's was not in a financial position to address those issues right now." Ms. Owens and Ms. Edwards immediately agreed with Mr. O'Brien.

17. In February 2018, Plaintiff made an internal written complaint about the disparity in her pay to management. Plaintiff's complaint was forwarded to Defendant's legal department but after three months Defendant still had not provided Plaintiff with some final answer or conclusion to her complaint.

18. Feeling beat down by the blatant pay discrimination she was experiencing and witnessing toward black, female individuals, Plaintiff quit her employment with Texas Children's Hospital in April 2018.

19. Since then, upon information and belief, Defendant has promoted a white female (C. Strake) with only approximately 2 years of internal HR experience into the same analyst position that Plaintiff held at a beginning salary of between $90,000.00 and $100,000 annually, and over a black female employee who had more than 10 years of external HR experience and at least 3 years of internal HR experience. In addition, upon information and belief, another white female L. Edwards, with similar experience as Plaintiff, was placed into the same analyst position Plaintiff held earning over $150,000.00 annually, almost double Plaintiff's salary.

20. Based on these facts, Plaintiff was subjected to pay discrimination based on her gender (female) and/or race (African-American) during her employment with Texas Children's

4

Hospital. Plaintiff's claim is evidenced by the disparity of education, experience and pay between herself, another black female who also held the same position as Plaintiff, a white male who also held the same position as Plaintiff and two white females that currently hold the same position as Plaintiff held.

21. The white male (J. Piper) was ultimately paid higher than Plaintiff and the other black female holding the analyst position; yet the white male performed the same work as Plaintiff and other black female but had less experience and/or education than each of them.

22. The two white females (C. Strake and L. Edwards) were paid higher than Plaintiff despite Plaintiff's superior qualifications.

23. Accordingly, Plaintiff files suit to address the discrimination she faced as a female employee and the discrimination she faced as a black employee.

24. <u>Vicarious Liability Respondeat Superior</u>:  Whenever in this pleading it is alleged that Defendant did any act or thing, or failed to do any act or thing, it is meant that Defendant's officers, owners, servants, employees, or representatives including but not limited to Amber Owens (director), Kathleen Green (Manager- HR), Lynn Edwards (Manager-HR) and Josh O'Brien (Asst. Director-HR) and other individuals within Defendant's human resource and/or management team did such act or thing, or failed to do such act or thing, or that such act or thing or omission was done in the course and scope of that person's employment with Defendant, or in the furtherance of Defendant's interests, or with the full authorization, permission, tolerance, and/or ratification of Defendant, or was done by an authorized member of management of Defendant or was done in the normal routine of the accepted, tolerated, or permitted conduct, customs, and/or practices of Defendant, its officers, owners, servants, employees, and/or representatives.

5

## III.   CAUSES OF ACTION

**A.   D**ISCRIMINATION **P**URSUANT **T**O **T**HE **E**QUAL **P**AY **A**CT

25. Plaintiff repeats and re-alleges by reference each allegation contained in the paragraphs above and incorporates them here as though fully set forth.

26. Defendant violated Plaintiff's civil rights in violation of the Equal Pay Act by discriminating against Plaintiff with respect to her pay because of her gender (female).

27. This violation consisted of discrimination of a continuous nature and led to the loss and impairment in whole or part, of the wages, benefits, promotions, privileges, and terms and conditions of Plaintiff's employment with Defendant.

28. Such employment practices were not job-related and were not consistent with business necessity.

29. Such employment practices were not based on (1) a seniority system; (2) merit system; (3) system measuring earnings by quantity or quality of production; or (4) a differential based on any other factor other than sex.

30. The above-described acts by Defendant caused Plaintiff substantial injury and damage. As a direct and proximate result of Defendant's discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and liquidated damages in amounts that will be proven at trial.

31. The above-described acts on Defendant's part were intentional, committed with malice and undertaken in violation of the Equal Pay Act proximately causing Plaintiff substantial injuries and damages.

**B.     Race Discrimination Pursuant to 42 U.S.C. §1981**

32.     Defendant, through its agents, supervisors, or employees violated Plaintiff's civil rights in violation of 42 U.S.C. §1981 by intentionally interfering with Plaintiff's employment because of her race (African-American). Texas Children's subjected Plaintiff to disparate treatment in the payment of her wages based on her race. Defendant denied Plaintiff benefits of employment which were freely offered to its white employees.

33.     Defendant acted with malice or reckless indifference to Plaintiff's state and federally protected rights to be free from discrimination in her employment based on her race. Defendant's acts were intentional and consisted of discrimination of a continuous nature. Further, Defendant, through its agents, supervisors and/or employees, discriminated against Plaintiff, which led to the diminution and impairment in whole or part, of her wages, benefits, promotions, privileges, and terms and conditions of employment. The above-described acts on Defendant's part caused Plaintiff substantial injury and damage.

34.     As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

35.     The above-described acts by Defendant against Plaintiff are clear and direct violations of 42 U.S.C. §1981.

## IV. DAMAGES

36.     Because of Defendant's unlawful decisions and actions, it has been necessary for Plaintiff to retain the undersigned attorney to represent her in the above-referenced causes of action. Further, Plaintiff has agreed to pay her attorney reasonable attorney's fees for the preparation and trial of these causes, and further for any appeal thereof should same become necessary.

37. Additionally, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve her ability to earn a living. Accordingly, Plaintiff seeks all general, special, liquidated, incidental and consequential damages in amounts to be proved at trial.

38. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant does not promptly tender damages assessed against it to avoid unjustly enriching Defendant.

39. The damages Plaintiff seeks are within the jurisdictional limits of the court.

40. Plaintiff seeks all the other relief to which Plaintiff is deemed entitled.

## VII. JURY DEMAND

41. Plaintiff requests that this action be heard by a jury.

## VIII. PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a. Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendants from engaging in any employment practice that discriminates with regard to employees' pay based on gender and/or race

b. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendment(s) thereto, including but not limited to back pay, loss of earnings in the past, loss of benefits in the past, statutory relief at law, and equity;

c. Liquidated damages;

d. Exemplary damages;

e. Reasonable attorney's fees, with conditional awards in the event of appeal;

f. Pre-judgment interest at the highest rate permitted by law;

g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h. Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any amendment hereto.

Respectfully submitted,

/s/ *Marjorie A. Murphy*
_____
Marjorie A. Murphy
State Bar No. 24013218
S.D. Bar No. 34512
The Murphy Law Practice, PLLC
3355 W. Alabama, Ste. 670
Houston, Texas  77098
Telephone:  (832) 564-3804
Facsimile:  (832) 553-7441
Email: marjorie@themurphylawpractice.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF, TAMARA GORDON**